PERRILL (NORTHWESTERN MUT. LIFE INS. CO. v.). See Case No. 10,339.

---

## Case No. 10,995.

In re PERRIN et al.

[7 N. B. R. (1873) 283.] [1]

District Court, S. D. New York.

MORTGAGE—VOID IN PART—PAYMENT OF CONSIDERATION—RECORDING—BANKRUPTCY.

1. A mortgage covering "a stock of lumber and moldings, and all renewals thereof from time to time," and other property, although void as to the lumber and moldings, may still be valid as to the other property.

2. Although the mortgage was recorded only the day before the petition in bankruptcy was filed, the evidence showed that the consideration did not pass until the mortgage was recorded. Held, that the transaction was an inchoate one, not consummated until the mortgage was recorded, but still, in point of time, a unit; being marked by good faith, the consideration ought to be regarded as passing when the mortgage was recorded. The court further held that the proceeds of the sale of the property, other

---

[1] [Reprinted by permission.]

than moldings and lumber, must be applied on the amount due on the mortgage.
[Cited in Sparhawk v. Richards, Case No. 13,-205; Clark v. Hezekiah, 24 Fed. 667.]
[Cited in Cook v. Whipple, 55 N. Y. 156.]

[In the matter of Raymond S. Perrin and Isaac A. Hance, bankrupts.]

T. M. North, for assignee in bankruptcy.
W. B. Putney, for Collerd.
G. C. King, for Woods.

BLATCHFORD, District Judge. There can be no doubt that the mortgage to Collerd is void as respects the provision in it covering "the stock of moldings and lumber, and all renewals thereof" at Jersey City, and "the stock of moldings and renewals thereof from time to time" at New York. But it does not follow that the invalidity of this provision renders the mortgage void as respects the property other than the moldings and lumber. As respects such other property, the consideration of the mortgage was a present one and a valid one; and although the mortgage be regarded as having no validity whatever until it was filed as against creditors of the mortgagors represented by the assignee in bankruptcy, yet it was filed both in New York and in New Jersey before the petition in bankruptcy was filed. The title of the assignee relates back only to the filing of the petition; and although he may challenge transfers made by the bankrupt in fraud of his creditors, yet there is nothing to show that the mortgage to Collerd, considered as a mortgage of the property other than the molding and lumber, was one in fraud of the creditors of the mortgagors, even though not made until the time when it was filed. Considered with reference to the provisions of the thirty-fifth and thirty-ninth sections of the bankruptcy act, the mortgage, though not made until it was filed, cannot on the facts of the case be properly regarded as having been given for a precedent debt. The transaction was an inchoate one, not consummated till the mortgage was filed, but still, in point of time, a unit, and being marked by good faith, as the evidence shows, the consideration ought to be regarded as passing when the mortgage was filed, and not before. Although it was filed only the day before the petition in bankruptcy was filed, the conclusion cannot properly be reached, on the facts, that Collerd in consummating the transaction by filing the mortgage intended a fraud on the act [of 1867 (14 Stat. 517)], or had reasonable cause to believe that a fraud on the act was intended.

I am of opinion, therefore, that the proceeds of the sale of the property other than moldings and lumber covered by the mortgage to Collerd, must be applied on the amount due on that mortgage. As to the mortgage to Woods, it is a lien on that one of the two machines named in it which was at Jersey City when it was made, but not on the other one of the two machines. Any

proceeds of the sale of the machine on which such mortgage is a lien must be applied on that mortgage as the first lien on such proceeds.